Filed 2/7/22  P. v. Thalheimer CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JUSTIN THALHEIMER,<br><br>    Defendant and Appellant. | B312906<br><br>(Los Angeles County<br>Super. Ct. No. PA059953-02) |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County, Cynthia L. Ulfig, Judge.  Affirmed.

Justin Thalheimer, in pro. per., and Allen G. Weinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

————————————

Justin Thalheimer, convicted of first degree premeditated murder following a jury trial in 2010 and sentenced to an indeterminate state prison term of 76 years to life under the three strikes law, petitioned for resentencing pursuant to Penal Code section 1170.95[1] on April 26, 2021. Thalheimer included with his filing a second petition for resentencing, purportedly pursuant to former section 1170, subdivision (d)(1) (now section 1170.03, subdivision (a)(1)),[2] although no recommendation for resentencing had been submitted to the court by the Secretary of the California Department of Corrections and Rehabilitation (CDCR) or the Los Angeles County District Attorney.

The superior court summarily denied Thalheimer's section 1170.95 petition, ruling he was ineligible for relief as a matter of law based on his conviction for first degree murder and the jury's finding he had personally used a knife during the commission of the murder. The court did not rule on the request for resentencing under former section 1170, subdivision (d)(1).

No arguable issues were identified following review of the record by Thalheimer's appointed appellate counsel. We also have identified no arguable issues after our own independent

---

[1]     Statutory references are to this code.

[2]     Senate Bill No. 567 (Stats. 2021, ch. 731, § 1.3) removed the sentencing recall provisions from section 1170, subdivision (d)(1). Assembly Bill No. 1540 (Stats. 2021, ch. 719, § 3) added section 1170.03 as a stand-alone provision governing the recall of felony sentences. Many of the provisions from section 1170, subdivision (d)(1), including those pertinent to Thalheimer's appeal, were transferred to section 1170.03.

review of the record[3] and analysis of the contentions presented by Thalheimer in his supplemental brief. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

1. *Thalheimer's Conviction for First Degree Murder*

As summarized in our opinion affirming Thalheimer's conviction for first degree murder (*People v. Marez* (Feb. 8, 2012, B224440) [nonpub. opn.]), Thalheimer, Quinn Alexander Marez and Marez's girlfriend, Emily Kent, all of whom were living on the street, were drinking with their acquaintance Daniel Koch at a picnic table in a park when Koch became belligerent and started cursing at Kent. Marez, enraged by Koch's words and conduct, was prevented by another individual at the scene from attacking Koch. Marez, Thalheimer and Kent then left the area.

Marez, still upset with Koch, and Thalheimer returned to the picnic table a short while later. A fight ensued. Marez struck Koch with the large flashlight he had been carrying. Thalheimer repeatedly stabbed Koch with a blade from his Leatherman tool. Koch's body was found the following day near the picnic table. He died from a combination of sharp and blunt force trauma.

Marez and Thalheimer both testified in their own defense. Marez contended he had bludgeoned Koch with the flashlight in

---

[3] Although the superior court erred in denying Thalheimer's petition without appointing counsel (*People v. Lewis* (2021) 11 Cal.5th 952, 963 ["petitioners who file a complying petition requesting counsel are to receive counsel upon the filing of a compliant petition"]), the error was harmless because Thalheimer was convicted of first degree premeditated murder as either the actual killer or a direct aider and abettor acting with express malice, making him ineligible for resentencing under section 1170.95 as a matter of law.

the heat of passion or in imperfect self-defense, triggered by Koch's belligerent behavior towards Kent and by Marez's memory of Koch's attempt to sexually molest him several years earlier. Marez said Thalheimer had stabbed Koch. Thalheimer insisted he had neither stabbed nor otherwise participated in killing Koch. Instead, it was Marez who both battered Koch with the flashlight and stabbed him with the Leatherman tool.

The prosecutor's theory, as presented to the jury, was that Marez and Thalheimer together committed the deliberate and premeditated murder of Koch because they were upset about his behavior toward Kent: Marez used his Maglite flashlight to repeatedly bludgeon Koch, and Thalheimer used his Leatherman tool to stab Koch multiple times. Alternatively, the prosecutor theorized Marez committed the murder and Thalheimer aided and abetted its commission by stabbing Koch as directed by Marez. The jury was instructed on the elements of murder and the principles of aiding and abetting. No instruction on the felony-murder rule or the natural and probable consequences doctrine was given.

The jury found both men guilty of first degree murder (§ 187, subd. (a)) and found true the allegation Thalheimer had personally used a deadly weapon, a knife, in committing the offense (§ 12022, subd. (b)(1)). In a bifurcated proceeding the trial court found true the allegation that Thalheimer had suffered two prior juvenile adjudications that qualified as strikes under the three strikes law. Thalheimer was sentenced to an aggregate indeterminate state prison term of 76 years to life, 75 years to life for first degree murder plus one year for the weapon enhancement.

4

2. *Thalheimer's Petitions for Resentencing*

On April 26, 2021 Thalheimer petitioned for resentencing pursuant to section 1170.95 and checked the boxes on a form petition declaring he had been convicted of murder pursuant to the felony-murder rule or the natural and probable consequences doctrine and could not now be convicted of murder because of changes made to sections 188 and 189 by Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015). Thalheimer requested appointment of counsel.

Thalheimer apparently included with his section 1170.95 petition a second form petition, titled "Verified Petition for Resentencing (Penal Code § 1170(d)(1)) [Informal Request] Filed Ex Parte]," in which he requested resentencing due to recent changes in the law including Senate Bill No. 620, which made discretionary the imposition of previously mandatory firearm-use enhancements under sections 12022.5 and 12022.53, neither of which had been included in Thalheimer's sentence.[4]

On April 27, 2021 the superior court formally noted the filing the prior day of Thalheimer's section 1170.95 petition and the assignment of the matter to Department NV-S. The minute order did not mention a separate section 1170, subdivision (d)(1), petition.

On May 5, 2021 the superior court denied the request for appointment of counsel and summarily denied Thalheimer's section 1170.95 petition. Attaching a copy of the jury verdict form dated February 11, 2010 to its order, the court explained,

---

[4] The section 1170, subdivision (d)(1), petition does not have a separate filed stamp and is included in the clerk's transcript on appeal as if it was an attachment or exhibit to the section 1170.95 petition.

5

"The jury in this case found the defendant guilty of First Degree Murder. Additionally, the jury found the allegation pursuant to PC 12022(b)(1) that the defendant personally used a deadly and dangerous weapon, to wit, a knife to be true. [¶] . . . [T]he conviction sustained by the defendant does NOT fall within the meaning of PC 1170.95."

Thalheimer filed a timely notice of appeal.

## DISCUSSION

In accord with the procedures described in *People v. Cole* (2020) 52 Cal.App.5th 1023, review granted October 14, 2020, S264278, we appointed counsel to represent Thalheimer on appeal. After reviewing the record, Thalheimer's counsel on December 14, 2021 filed a brief raising no issues and advised Thalheimer he could submit a supplemental brief raising any grounds of appeal, contentions or arguments he wanted the court to consider.

On January 12, 2022 we received a two-page handwritten letter brief from Thalheimer. (The supplemental letter brief also attached a copy of a letter Thalheimer sent to the Los Angeles County District Attorney on May 25, 2021 requesting that the District Attorney recommend Thalheimer for resentencing pursuant to former section 1170, subdivision (d)(1).) Thalheimer's supplemental brief questioned the failure of the superior court to rule on his petition for resentencing under former section 1170, subdivision (d)(1). It did not address the superior court's denial of his petition for resentencing under section 1170.95.

Former section 1170, subdivision (d)(1), the basis for Thalheimer's second petition, authorized the superior court to recall a defendant's sentence and impose a new sentence based on

6

positive postconviction developments "within 120 days of the date of commitment on its own motion, or at any time upon the recommendation of the secretary [of the CDCR] or the Board of Parole Hearings in the case of state prison inmates." Thalheimer's petition was filed years past the court's 120-day statutory deadline to act on its own motion, and no recommendation for resentencing was made to the superior court by an authorized person or entity. Accordingly, the court lacked authority to rule on Thalheimer's request, and we have no jurisdiction on appeal to review the superior court's action or inaction on the petition. (See *People v. Torres* (2020) 44 Cal.App.5th 1081, 1084 ["[i]f the trial court does not have jurisdiction to rule on a motion to vacate or modify a sentence, an order denying such a motion is nonappealable, and any appeal from such an order must be dismissed"].)

Because no cognizable legal issues have been raised by Thalheimer's appellate counsel or by Thalheimer or identified in our independent review of the record, the order denying the postjudgment motion is affirmed. (See *People v. Cole*, *supra*, 52 Cal.App.5th at pp. 1039-1040, review granted; see also *People v. Serrano* (2012) 211 Cal.App.4th 496, 503; see generally *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

## DISPOSITION

The postjudgment order is affirmed.

PERLUSS, P. J.

We concur:

SEGAL, J.                    FEUER, J.

7